**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DARRYL MAURICE YOUNG,**

    **Plaintiff,**

vs.                                              Case No. 4:14cv528-WS/CAS

**C. HODGSON, et al.,**

    **Defendants.**

_____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has submitted a motion seeking leave to proceed with in forma pauperis status on appeal, doc. 14, and a motion which appears to be intended to have been filed in the United States Court of Appeals for the Eleventh Circuit, doc. 15. Both documents were stamped as filed in this case by the Clerk's Office on March 2, 2015. Docs. 14, 15. However, the Order entered by Senior District Judge William Stafford dismissing this case was entered on January 12, 2015, and the Clerk entered Judgment on January 13, 2015. Docs. 12, 13. Plaintiff has not yet filed a notice of appeal and any such notice filed from this point forward would be untimely.

However, there are times when a document filed post-judgment should be construed as the functional equivalent of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49, 112 S. Ct. 678, 682, 116 L. Ed. 2d 678 (1992). Generally, such a

document must fulfill the three requirements of a Rule 3(c)(1) notice of appeal: specify the party taking the appeal, designate the judgment being appealed, and name the court to which the appeal is taken.  Rinaldo v. Corbett, 256 F.3d 1276, 1278-79 (11th Cir. 2001) (cited in Foster v. Clayton Cnty. Judicial Circuit of Georgia, No. 1:03cv1876-RWS, 2007 WL 1229328, at *3 (N.D. Ga. Apr. 23, 2007) (concluding that the plaintiff's in forma pauperis motion was timely filed and was "the functional equivalent of a notice of appeal" which "objectively manifests an intent to appeal from the Court's final judgment").  Here, it is apparent Plaintiff is the party desiring to take the appeal, and combining the two motions demonstrates Plaintiff seeks to appeal to the Eleventh Circuit.  Docs. 14, 15.  The appellate motion also clarifies that Plaintiff seeks to appeal the orders[1] which found Plaintiff had not sufficiently alleged he was in imminent danger of serious physical injury.  Doc. 15 at 1.  As Plaintiff is a pro se prisoner, the documents should be deemed to meet the Rule 3(c) requirements.  See Harris v. Ballard, 158 F.3d 1164, 1166 (11th Cir. 1998) (citing to the comments for Federal Rule of Appellate Procedure 3(c) with approval for the suggestion that so long as a litigant files "a paper indicating an intention to appeal, the substance of Federal Rule of Appellate Procedure 3(c) has been complied with.").

    The second issue is with the timeliness of Plaintiff's filings.  Pursuant to Federal Rule of Appellate Procedure 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  FED. R. APP. P. 4(a)(1)(A).  "Filing a timely notice of appeal is 'mandatory and jurisdictional' and if a

---

[1] Though Plaintiff did not cite the documents by number, Plaintiff is intending to appeal document 4, the Report and Recommendation, and document 12, the Order adopting the Report and Recommendation.

Case No. 4:14cv528-WS/CAS

[party] fails to do so, a court of appeals is 'without jurisdiction to review the decision on the merits.' " United States v. Machado, 465 F.3d 1301, 1305 (11th Cir. 2006) (quoting Budinich v. Becton Dickinson and Co., 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and collecting cases).  Plaintiff's notice was not filed within the 30-day appeal period provided by Fed. R. App. P. 4(a).[2]  Judgment was entered in this case on January 13, 2015.  Doc. 13.  Plaintiff's motions were not received in this Court until March 2, 2015.  However, under the "prison mailbox rule," "[a] pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing."  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (citing Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).  Absent evidence in the record to the contrary, courts will presume that the prisoner's filing was delivered to prison authorities on the date the prisoner signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Fuller v. Terry, 381 F.App'x 907, 908 (11th Cir. 2010).  The in forma pauperis motion intended for this Court was signed by Plaintiff on February 8, 2015. Doc. 14 at 2, 5.  The motion bears the signature of an authorized official for the Department of Corrections concerning Plaintiff's printout which is dated February 18, 2015.  *Id.* at 5.  It appears from the inmate request form attached to the motion that Plaintiff requested prison officials provide him with the six month printout of his inmate bank account on February 8, 2015, and the response provided him with the printout on February 18, 2015.  *Id.* at 12. Plaintiff could not have given the motion to prison officials for mailing to this Court for

---

[2] "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).

Case No. 4:14cv528-WS/CAS

filing before February 18, 2015. That is 36 days after judgment was entered and is untimely.

The appellate rules provide that the district court may extend the time to file a notice of appeal if: (1) a motion requesting an extension of time is filed no later than 30 days after the time for filing a notice of appeal under Rule 4(a) expires and (2) the party shows excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A). Plaintiff has not demonstrated good cause or excusable neglect for the delay. Accordingly, even if Plaintiff's motion before this Court should also be construed as a motion for an extension of time in which to file the notice of appeal, the motion should be denied.

Finally, even assuming Plaintiff had timely filed a notice of appeal, his in forma pauperis motion for leave to proceed on appeal should be denied. Plaintiff is not entitled to proceed with in forma pauperis status absent allegations that Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[3] See doc. 4. Plaintiff did not submit a complaint with the case initiating documents he filed in this Court on October 3, 2014, and, thus, Plaintiff did not demonstrate that he faced "imminent danger." The motion for in forma pauperis status on appeal, doc. 14, should be **DENIED** pursuant to § 1915(g). Plaintiff's motion for in forma pauperis status, doc. 15, which was intended for filing in the Eleventh Circuit Court of Appeals, should be filed in that Court pursuant to Federal Rule of Appellate Procedure 24(a)(5).

---

[3] Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Case No. 4:14cv528-WS/CAS

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's motion for leave to proceed in forma pauperis on appeal, doc. 14, be construed as a motion for an extension of time in which to file the notice of appeal but be **DENIED**; (2) Plaintiff's motion for leave to proceed in forma pauperis on appeal, doc. 14, be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from filing an appeal in federal court without full payment of the filing fee; and (3) Plaintiff be required to file his motion for in forma pauperis status which was intended to be filed in the Eleventh Circuit Court of Appeals in the Court of Appeals.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**